**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0038n.06
Filed: January 12, 2007

**Case No. 05-4041**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROSE GATHONI MBURU;<br>JOSEPH MAINA GITHAIGA, | ) | |
| | ) | |
| Petitioners-Appellants, | ) | ON APPEAL FROM THE |
| | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS COURT |
| | ) | |
| ALBERTO R. GONZALES, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: BATCHELDER, MOORE, and BALDOCK,[*] Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Petitioners-Appellants, Rose Mburu

("Mburu") and Joseph Githaiga ("Githaiga"), appeal the Board of Immigration Appeals' decision

affirming the Immigration Judge's ("IJ") denial of the petitioners' applications for asylum and

withholding of removal. On August 3, 2005, the BIA affirmed the IJ's decision and agreed "that the

lead respondent in this case failed to meet her burden of establishing past persecution or a well-

founded fear of persecution on account of one of the statutorily protected grounds, or that it is more

likely than not that the respondents will be persecuted or subjected to torture upon their return to

_____

[*]The Honorable Bobby R. Baldock, United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Kenya." The BIA granted petitioners' request for voluntary departure. Because substantial evidence supports the BIA's decision, we affirm.

## I.

Githaiga and Mburu are husband and wife, and both are natives and citizens of Kenya. Mburu arrived in the United States on November 11, 2001, authorized as a nonimmigrant business visitor permitted to stay for three months, until February 11, 2002. Githaiga entered the United States on January 24, 2002, authorized for a six month stay. Each had given as a reason for wanting a visa the desire to visit a friend in Ohio.

Within a year of entering the United States, Mburu filed an application for asylum, and included her husband, Githaiga, in the application. Her case was referred to an Immigration Judge, and both petitioners testified at an immigration hearing. The IJ found the petitioners credible, but denied them asylum because they had not established past persecution or fear of future persecution on one of the protected grounds under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(42)(A). The IJ denied petitioners withholding of removal under 8 U.S.C. § 1231(b)(3) as well.

Mburu contends that she suffered past persecution and interrogations on account of political opinion, one of the protected grounds under the statute, and maintains that if she returned to Kenya she would be persecuted by the same people who interrogated her before. Her asylum application avers that she had been harassed and mistreated by agents of the Kenyan government due to her association with an entrepreneur and business man named S.K. Macharia ("Macharia"). Macharia was a known critic of the Kenyan government, and Mburu served as his secretary and personal assistant. Mburu also claimed that she and her husband belonged to Kenya's Democratic Party, and

2

that they both supported the country's opposition movement by organizing workshops to promote opposition parties.

At her immigration hearing, Mburu testified that Kenyan officials had come to her home several times and questioned her about Macharia, that they had searched her home on at least one occasion, and had physically assaulted her four times. She testified further that on April 27, 2001, Kenyan police came to Mburu's house and told her that she was being taken to the police station for questioning. When she protested, an officer struck her. Officers told Mburu that Macharia had been arrested and that she needed to provide them with information about his activities. Mburu refused and was slapped again. She was then taken to a maximum security prison and held from April 27, 2001 until April 30, 2001, before being released. She claimed that she was beaten while in jail. Mburu stated that although Kenya now has a new President, she would still be in danger because the people who harassed her are still in Kenya. She acknowledged that Macharia remains in Kenya, but argued that he has the means to protect himself whereas she does not.

Githaiga testified that on November 15, 2001, he noticed two men following him. The men approached and began asking about Mburu and the location of her travel documents. Githaiga replied that he did not know what they were talking about, at which point the men took him to the police station and detained him for three hours.

**II.**

When the BIA issues an order without opinion, we examine the IJ's decision directly. *Denko v. INS*, 351 F. 3d 717, 726 (6th Cir. 2003). In this case, the BIA summarily adopted the IJ's decision while commenting that it agreed with the specific finding that the petitioners had failed to establish

3

past persecution or the fear of future persecution to satisfy the INA requirements. We directly review the IJ's decision and consider the BIA's additional comment.

To reverse the BIA's decision, we must find that the evidence not only supports a contrary conclusion, but compels it. *Klawitter v. INS*, 970 F. 2d 149, 152 (6th Cir. 2001). "The petitioner must demonstrate 'that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite persecution or fear of persecution.'" *Gilaj v. Gonzales*, 408 F.3d at 283 (quoting *Ouda v. INS*, 324 F.3d 445, 451 (6th Cir. 2003)). This standard has been codified by regulations that allow us to reverse the BIA only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. 1252(b)(4)(B). We review the agency's order under the deferential "substantial evidence" standard and must uphold its decision if it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481(1992)). We are not entitled to reverse "simply because [we are] convinced that [we] would have decided the case differently." *Adhiyappa v. INS*, 58 F.3d 261, 265 (6th Cir.1995) (internal quotation marks omitted).

Because substantial evidence supports the IJ and BIA determinations and nothing in the record compels a contrary conclusion, we AFFIRM the agency's ruling.

### A. Past Persecution

Petitioners bear the burden of establishing that they are refugees and therefore eligible for a discretionary grant of asylum either because they have suffered actual past persecution or because they have a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a); *Elias-Zacarias*, 502 U.S. at 481. If Mburu demonstrates past persecution, she is entitled

4

to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). The Government may overcome this presumption by establishing by a preponderance of the evidence that there is "a fundamental change in circumstances such that [Mburu] no longer has a well-founded fear of persecution in [her] country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A).

Mburu has not met her burden and the evidence does not compel this Court to reverse the IJ's finding. As the IJ found, the maltreatment of which Mburu complains does not rise to the level of past persecution. The maltreatment Mburu alleges does not constitute "more than a few isolated incidents of verbal harassment or intimidation, unaccompanied by any physical punishment, infliction of harm, or significant deprivation of liberty." *Mikhailevitch v. INS*, 146 F.3d 384, 390 (6th Cir.1998). Mburu's four day detention, several incidents of physical assault for which there is no indication that she sought medical attention, and her interrogations, do not amount to persecution under the INA.

In *Mullai v. Ashcroft*, 385 F.3d 635 (6th Cir. 2004), we affirmed the denial of asylum where the applicant was jailed for a week and repeatedly threatened after she criticized the president of Albania; was beaten and kicked by police at a protest; was detained for two days in jail without food on two separate occasions; and was threatened after participating in a protest that she helped organize. *Id*. at 639. We have ruled similarly in *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004) (no persecution where applicant was twice arrested and detained after political demonstrations and once beaten by a policeman), and *Daneshvar v. Ashcroft*, 355 F.3d 615, 624 (6th Cir. 2004) (no persecution when, after spending five years in jail for political activities, the applicant served two years in the military and was subsequently able to obtain employment in the country).

5

Githaiga's treatment was even less severe than his wife's. Accordingly we find that he falls far short of establishing past persecution.

### B. Well-Founded Fear of Future Persecution

Substantial evidence also supports the IJ's determination that even if Mburu had suffered past persecution, changed country conditions in Kenya would rebut any presumption of a well-founded fear of future persecution. Although Mburu alleged persecution by local members of the government in power in Kenya at the time, she has not demonstrated that the current government would target her for persecution. *See Ivezaj v. INS*, 84 F.3d 215, 221 (6th Cir.1996); *Yousif v. INS*, 794 F.2d 236, 244 (6th Cir.1986). As the IJ noted, Mburu was jailed because of her association with her boss, Macharia, who appears to have resolved his problems and is back in business in Kenya. Because Macharia is no longer being persecuted, any fear Mburu may have that she would be persecuted upon her return is speculative and not well-founded. Nothing in the record compels a contrary finding.

### C. Withholding of Removal

To qualify for withholding of removal, a petitioner must demonstrate that "it is more likely than not that he or she would be persecuted" on account of one of the specified grounds. 8 C.F.R. 208.16(b)(2). The threshold for withholding of removal is higher than the threshold for asylum. The petitioners' failure to satisfy the lesser standard of a well-founded fear of future persecution, necessarily results in a failure to demonstrate eligibility for withholding of removal. *See Mullai*, 385 F.3d at 639. Because Mburu and Githaiga failed to establish a well-founded fear of future persecution, they have also failed to satisfy the requirements for withholding of removal.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the decision of the BIA.