CLAY, Circuit Judge,
concurring.
I concur fully in the majority’s determination that, because El Ghorbi has not shown that the abuse she experienced was “inflicted by the government of [Mauritania], or by someone whom the government is unwilling or unable to control,” she is not entitled to relief in this Court. Berishaj v. Gonzales, 238 Fed.Appx. 57, 61 (6th Cir.2007) I write separately to express my disagreement with the BIA’s determination that, even if Mauritanian authorities had acquiesced in the maltreatment of El Ghorbi, her “past experiences in Mauritania with her brothers do not rise to the level of past persecution.” (J.A. 30)
Numerous Sixth Circuit cases suggest that beatings combined with a “significant deprivation of liberty” may constitute persecution when the victim’s government allows such maltreatment. See, e.g., Mburu v. Gonzales, 214 Fed.Appx. 505, 508 (6th Cir.2007); Gilaj v. Gonzales, 408 F.3d 275, 284 (6th Cir.2005); Mullai v. Ashcroft, 385 F.3d 635, 638 (6th Cir.2004). In the instant case, El Ghorbi was not only beaten by her family, she was imprisoned for several months until her eventual escape and flight to this country. As several months of imprisonment is a “significant deprivation of liberty,” had such a deprivation been imposed on her by the Mauritanian government, or had El Ghorbi shown that the Mauritanian government was “unwilling or unable to control” her captors, then the beatings and imprisonment inflicted on her by her family would have amounted to persecution.
*519 Nevertheless, because the record in this case does not compel a finding that the Mauritanian government was unwilling or unable to control El Ghorbi’s family, I join the majority opinion in its entirety.